# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|  |  |
|---|---|
| **CARRIE AMSTUTZ** <br> 2351 County Rd. U <br> Liberty Center, Ohio 43532 <br><br> **Plaintiff** <br> v. <br><br> **LIBERTY CENTER BOARD OF EDUCATION aka and/or dba LIBERTY CENTER SCHOOLS** <br> 103 W. Young St. <br> PO Box 434 <br> Liberty Center, Ohio 43532 <br><br> **Defendant** | Case No. <br><br> Judge <br><br> **COMPLAINT; JURY DEMAND ENDORSED HEREON** <br><br> Francis J. Landry <br> (0006072) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP** <br> 405 N. Huron Street   Suite 300 <br> Toledo, Ohio 43604 <br> Telephone:  (419) 243-1239 <br> Facsimile:  (419) 243-2719 <br> Flandry308@aol.com <br> Attorney for Plaintiff, Carrie Amstutz |

## JURISDICTION

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of Family and Medical Leave Act, 29 U.S.C. Sections 2601 and 2615 and 2617.  Plaintiff also brings claims pursuant to 42 U.S.C. Section 1983 over alleged violations of procedural due process and for deprivation of the equal protection of the law.  Plaintiff also bring a claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. Sections 621 et seq.

Plaintiff states that on July 18, 2013, she timely filed a charge of age discrimination with the United States Equal Employment Opportunity Commission, Charge Number 22A-2013-02765C. More than sixty days have elapsed since the filing of Plaintiff's charge with the EEOC. A copy of Plaintiff's charge is attached as Exhibit "A" and hereto annexed and made a part hereof. This Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367 over State statutory and common law claims for age discrimination, and workers compensation retaliation.

## PARTIES

2.  Plaintiff, Carrie Amstutz, is a resident of Liberty Center, County of Henry, State of Ohio. Plaintiff was employed by Defendant as a bus driver and cafeteria aid from August 24, 1998 until May 3, 2013 when she was terminated by Defendant. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act in that the Plaintiff was employed for more than twelve months and worked more than 1250 hours during the 12 months preceding the incident which gave rise to her termination. Additionally, at all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act and Chapter 4112 of the Ohio Revised Code in that the Plaintiff was an employee of an entity with more than fifty (50) employees.

3.  Plaintiff states that the Defendant The Liberty Center Board of Education aka and/or dba Liberty Center Schools, is a public school system for Liberty Center, County of Henry, State of Ohio, established under the laws of the State of Ohio and is an employer within the meaning of the Family and Medical Leave Act and Ohio Revised Code Chapter 4112.

## NATURE OF THE CASE

4.  Plaintiff brings this action for damages for an unlawful termination of her employment. Plaintiff alleges that in terminating her the Defendant did so in violation of the Family and

Medical Leave Act and Chapter 4112 of the Ohio Revised Code, and in retaliation for Plaintiff having pursued a workers compensation claim.

### FIRSTCLAIM FOR RELIEF
### Ohio Revised Code Section 29 U.S.C. Sections 621 et seq.—Age Discrimination

5.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through four (4) of this Complaint, supra, by reference in its entirety as if fully restated herein.

6.     Plaintiff states that she was in the age group protected by 29 U.S.C. Sections 621 et seq., as she was fifty-five (55) years of age at the time of her termination.  At all times material hereto, Plaintiff was meeting or exceeding her employer's legitimate expectations as a bus driver and cafeteria aid.  On or about May 3, 2013, Defendant terminated Plaintiff allegedly for "insubordination, misfeasance, and dishonesty." The reason advanced by Defendant was false and pretextual as Plaintiff was not insubordinate or dishonest, and completed her job duties to her employer's reasonable business expectations. Younger similarly situated employees were more favorably treated and remained in their positions.  Younger employees were not accused of dishonesty without the chance to defend themselves, and were given progressive discipline—Plaintiff was not.  Plaintiff states that the Defendant willfully violated the Age Discrimination in Employment Act, 29 U.S.C. Sections 621 et seq.

7.     As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff is also entitled to liquidated damages as a result of the willful violation by Defendant. Plaintiff has also been forced to expend court costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### Family and Medical Leave Act

8. Plaintiff incorporates each and every allegation contained in paragraph one (1) through seven (7) by reference in its entirety as if fully restated herein.

9. Plaintiff states that she was employed as a bus driver and cafeteria aid for the Defendant. Plaintiff was at all times meeting her employer's legitimate expectations.

10. Plaintiff has a long history of Family and Medical Leave Act leaves. In May of 2008, her husband suffered from a stroke, in September of 2010, Plaintiff suffered from a back injury which required workers compensation, in March of 2010, Plaintiff suffered a mini-stroke, requiring Family and Medical Leave , and in January of 2012, Plaintiff suffered from a fichial spur, requiring leave. Furthermore, in March of 2013, Plaintiff suffered from severe bronchitis, requiring the use of a breathing machine, for which she required a short leave of absence. The conditions were Family and Medical Leave Act qualifying conditions. The defendant was aware of the nature and severity of Plaintiff's conditions as she filed appropriate paperwork with Defendant, and applied for worker's compensation and/or family and medical leave act leave as a result of the injuries.

11. Following her January 2012 FMLA leave, Plaintiff was accused of fabricating her FMLA condition an accusation which was dismissed after Plaintiff filed a grievance. Then after her March 2013 bought of bronchitis, Plaintiff was disciplined for her absence. The Defendant suddenly terminated Plaintiff from employment on May 3, 2013. The reason advanced by Defendant was false and pretextual as Plaintiff was not insubordinate or dishonest, and completed her job duties to her employer's reasonable business expectations. In support of Plaintiff's termination, Defendant used dates when Plaintiff was absent due to her family and medical leave act leaves, against her.

12. Plaintiff states that Defendant's action in terminating her employment constituted an

unlawful interference with her rights guaranteed under the Family and Medical Leave Act, 29 U.S.C. §§2601 et seq. and discrimination and retaliation against Plaintiff because of her having an FMLA qualifying condition. Said conduct of Defendant is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

13. Plaintiff states that at all times material hereto Defendant employed more than fifty employees and is a covered employer under the Family and Medical Leave Act.

14. Plaintiff states that when she was terminated she was eligible for continued Family and Medical Leave Act as a result of her continued "serious health condition" of which Defendant was aware.

15. The Defendant has unlawfully terminated Plaintiff and has interfered with or denied the exercise or attempts to use rights provided under the Family and Medical Leave Act in violation of 29 U.S.C. §2615 made actionable under 29 U.S.C. §2617. The defendant's action was willful.

16. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of her job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment. By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

## THIRD CLAIM FOR RELIEF
### Ohio Revised Code Section 4123.90—Worker's Compensation Retaliation

17. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixteen (16) of this complaint, supra, by reference in its entirety as if fully restated herein.

18. Plaintiff states that as the result of an injuries on February 19, 2002, September 25, 2006,

and September 28, 2010, she has filed workers compensation claims.

19. At all times material hereto, Plaintiff was meeting or exceeding her employer's legitimate expectations as a bus driver and cafeteria aid. On or May 3, 2013, Defendant terminated Plaintiff. In support of Plaintiff's termination, Defendant used dates when Plaintiff was absent due to her worker's compensation injury from 2010, against her.

20. Plaintiff states that, Defendant terminated Plaintiff because Plaintiff filed and participated in a workers compensation claims, in violation of Ohio Revised Code Section 4123.90.

21. On July 12, 2013 Plaintiff notified Defendant of the claimed violation of Ohio Revised Code Section 4123.90.

22. As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss her job position and of past and future wages. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## FOURTH CLAIM FOR RELIEF
## 42 U.S.C. Section 1983--Procedural Due Process

23. Plaintiff incorporates each and every allegation contained in paragraph one (1) through twenty-two (22) by reference in its entirety as if fully restated herein.

24. At all times material hereto, Plaintiff was meeting or exceeding her employer's legitimate expectations as a bus driver and cafeteria aid. On or about May 3, 2013, Defendant terminated Plaintiff allegedly for "insubordination, misfeasance, and dishonesty." The reason advanced by Defendant was false and pretextual as Plaintiff was not insubordinate or dishonest, and completed her job duties to her employer's reasonable business expectations. Plaintiff states that she had a property interest in her job within the meaning of 42 U.S.C. Section 1983 by virtue of

the fact that she was employed under a collective bargaining agreement that was negotiated by her union with Defendant.  Plaintiff states that prior to terminating her she was advised that she would be required to agree to and sign a last chance agreement in order to keep her job.  Plaintiff at first agreed to this demand, served her suspension and, upon her return, advised her employer that she could not accept it terms and wished to protest the arrangement. Defendant promptly and summarily terminated Plaintiff's employment and in so doing acted against her in a purported application of its employment policies. Plaintiff states that the Defendant is a state actor within the meaning of 42 U.S.C. Section 1983.

25.     Plaintiff states that in terminating her employment, the Defendant, acting under color of State Law, improperly denied her of any meaningful pre deprivation and post deprivation due process.  Plaintiff states that she was deprived of a property interest by Defendant, acting under color of State Law, without due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  In so acting, the Defendant has violated 42 U.S.C. Section 1983.

26.     As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of her job position and the loss of past and future wages. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff respectfully prays for an injunction restoring her to her position with Defendants with full back pay, seniority, and benefits. Plaintiff also seeks a permanent injunction against further harassment and retaliation against herself upon reinstatement to employment.

Plaintiff further demands judgment against Defendant for lost back wages and for compensatory, liquidated and punitive damages, prejudgment and post judgment interest, plus her costs and reasonable attorney fees and whatever other relief, legal or equitable to which she may appear to be entitled.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry, Attorney for Plaintiff

### JURY DEMAND

Plaintiffs demand a jury trial as to all issues so triable in the within cause.

s/Francis J. Landry
Francis J. Landry